UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:15-cv-23457-UU

YAMILE RODRIGUEZ
MOYET,

    Plaintiff,

v.

MONTE CARLO AUTO
SEAT COVERS, INC.,

    Defendant.
_____/

## ORDER ON SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment, D.E. 25, and Plaintiff's Motion for Summary Judgment, D.E. 26. The Motions are fully briefed and ripe for disposition.

THE COURT has considered the Motions, the pertinent portions of the record and is otherwise fully advised in the premises. For reasons set forth below, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED.

**I.    Procedural Background**

On or about September 3, 2015, Plaintiff filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County Florida, alleging that her employer, Monte Carlo Auto Seat Covers, Inc. ("Defendant"), failed to pay her wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"). D.E. 1-2. After the close of discovery, Defendant moved for summary judgment on grounds that there is no enterprise coverage under the FLSA. D.E. 25.

Plaintiff responded to Defendant's Motion and, in this same response, moved for summary judgment on grounds that there is individual coverage under the FLSA.  D.E. 26.

## II.     Factual Background

The following facts are undisputed.  Defendant was engaged in the cafeteria business from 2012 to 2015, which is the time period subject to FLSA's two-year statute of limitations.  D.E. 25-2 ¶ 2; *see also* 29 U.S.C. § 255(a).  From 2010 to 2014, Plaintiff was employed by Defendant.  D.E. 26 ¶ 3; D.E. 27 ¶ 3.  Plaintiff cooked, cleaned and purchased items, including meat and milk, for Defendant from local suppliers.  D.E. 26 ¶¶ 3, 6; D.E. 26-1 at 18:17-19:6.  Based on evidence submitted by Defendant, Defendant did not gross more than $500,000 per year from 2012 through 2015.  D.E. 25 ¶¶ 6, 8-10; D.E. 25-1; D.E. 25-2 ¶ 4.  In 2012, Defendant grossed $67,198.00.  D.E. 25-1 p. 1; D.E. 25-2 ¶ 4.  In 2013, Defendant grossed $60,417.00.  D.E. 25-1 p. 2; D.E. 25-2 ¶ 4.  In 2014, Defendant grossed $66,124.00.  D.E. 25-1 p. 3; D.E. 25-2 ¶ 4.  Lastly, in 2015, Defendant grossed $64,617.00.  D.E. 25-1 p. 4; D.E. 25-2 ¶ 4.

## III.    Summary Judgment Standard

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 175 (1970).  When determining whether the moving party has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party.  *Adickes*, 398 U.S. at 157; *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933-34 (11th Cir. 1989).

If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[3] Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the Court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or are not otherwise in dispute,

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

**IV.    Discussion**

Defendant argues that it is entitled to summary judgment because there is no enterprise coverage under the FLSA. D.E. 25 pp. 4-6. In response, Plaintiff argues that she is entitled to summary judgment because there is individual coverage under the FLSA. D.E. 26 pp. 3-4. Section 207(a)(1) of the FLSA requires employers to provide overtime pay and hourly wages to any employee "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." The question of whether an employee falls within the scope of § 207(a)(1) is commonly phrased as whether FLSA "coverage" exists. *See, e.g.*, *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). The FLSA provides for two forms of coverage: (1) individual coverage and (2) enterprise coverage. *Id.* An employee seeking to recover under the FLSA must establish one or the other form. *Id.*

A. <u>Enterprise Coverage</u>

Defendant moves for summary judgment on grounds that there is no enterprise coverage under the FLSA because Defendant does not engage in sales or business of more than $500,000. D.E. 25 pp. 4-6. Under 29 U.S.C. § 203(s)(1), enterprise coverage exists, in relevant part, when an employer: (i) "has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose

4

annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." Defendant argues that, as a factual matter, there is no dispute that it has an annual gross volume of sales and business amounting to less than $500,000. D.E. 25 ¶¶ 6, 8-10, pp. 4-6. As evidence, Defendant provides the affidavit of Maria Carrascosa, Defendant's owner and corporate representative, as well as Defendant's unsigned United States income tax returns from 2012, 2013 and 2014, and signed income tax return from 2015. D.E. 25-1; D.E. 25-2. These documents demonstrate that Defendant grossed: $67,198.00 in 2012; $60,417.00 in 2013; $66,124.00 in 2014; and $64,617.00 in 2015. D.E. 25-1; D.E. 25-2 ¶ 4. In addition, Defendant cites to Plaintiff's deposition testimony, in which Plaintiff testified that Defendant received "an average of 600 [dollars]" in daily revenues. D.E. 25-3 at 39:1-40:6. Defendant, therefore, argues that even Plaintiff's testimony shows that Defendant would have, at most, received $219,000.00 in gross profits per year. D.E. 25 p. 3.

Plaintiff appears to concede that there is no enterprise coverage under the FLSA and, moreover, fails to cite any evidence to indicate that Defendant grossed more than $500,000 per year between 2012 and 2015. *See* D.E. 26; 28 U.S.C. § 203(s)(1). Accordingly, summary judgment in favor of Defendant is appropriate because there is no genuine issue of material fact as to the lack of enterprise coverage under the FLSA in this case. 28 U.S.C. § 203(s)(1); *Johnson v. Express Serv. Messenger & Trucking, Inc.*, No. 07-20007-CIV, 2008 WL 2944899, at *4 (S.D. Fla. July 25, 2008) (granting summary judgment where "Plaintiff has conceded [lack of enterprise coverage] by failing to challenge the evidence offered by Defendants that Enterprise Coverage does not exist because Express' gross revenues did not exceed $500,000 during the relevant period"); *Sandoval v. Florida Paradise Lawn Maint., Inc.*, No. 07-22298-CIV, 2008 WL 1777392, at *7 (S.D. Fla. Apr. 17, 2008), *aff'd*, 303 F. App'x 802 (11th Cir. 2008) (granting

summary judgment due to lack of FLSA enterprise coverage and noting that "[w]hile the burden on the party moving for summary judgment is great, the opposing party does have a duty to present *some* affirmative evidence to demonstrate a genuine issue for trial" (emphasis in original)); *Lopez v. Top Chef Inv., Inc.*, No. 07-21598-CIV, 2007 WL 4247646, at *3 (S.D. Fla. Nov. 30, 2007) (defendants met burden to demonstrate lack of individual and enterprise coverage by submitting uncontroverted tax returns and financial statements for the relevant time period).

B.  Individual Coverage

Plaintiff moves for summary judgment to establish that there is individual coverage under the FLSA.  D.E. 26 pp. 3-4.  For individual coverage to apply under the FLSA, Plaintiff must prove that she was "(1) engaged in commerce or (2) engaged in the production of goods for commerce."  *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012), *as amended* (July 17, 2012) (internal citations omitted); *see also* 29 U.S.C. § 207(a)(1) (mandating time-and-a-half for "employees . . . engaged in [interstate] commerce or in the production of goods for [interstate] commerce").  The test to determine whether an employee is engaged in commerce "is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it."  *McLeod v. Threlkeld,* 319 U.S. 491, 497 (1943).  In the Eleventh Circuit, an employee seeking individual coverage based on being "engaged in commerce" under the FLSA must, therefore, prove that he: "(1) worked directly for an instrumentality of interstate commerce, or (2) regularly used the instrumentalities of interstate commerce."  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1316 (11th Cir. 2011); *Thorne*, 448 F.3d at 1266 (11th Cir. 2006).  An employee bears the burden of proving individual coverage under the FLSA. *Joseph*, 862 F. Supp. 2d at 1312.

Plaintiff argues that she is entitled to summary judgment as to individual coverage under the FLSA because she "engaged in commerce" by regularly using the instrumentalities of interstate commerce to purchase supplies for Defendant.[1]  D.E. 26 pp. 3-4.  In support, Plaintiff submits the transcript of her testimony from the deposition that occurred on March 7, 2016.  D.E. 26-1.  Plaintiff does not cite to any specific section of testimony within this transcript.  *See* D.E. 26.

In response, Defendant argues that Plaintiff's Complaint fails to plead that Plaintiff was individually engaged in commerce.  D.E. 27 p. 4.  Defendant also argues that, even if the Complaint does adequately plead individual coverage, Plaintiff fails to meet her burden to prove that there is individual coverage in this case.  D.E. 27 pp. 5-8.  Specifically, Defendant contends that Plaintiff makes conclusory arguments that she "regularly used the instrumentalities of interstate commerce," while both failing to cite to evidence and citing to inapposite case law.  *Id.*

The Court agrees with Defendant.  Plaintiff fails to cite to any evidence whatsoever to indicate that Plaintiff regularly used the instrumentalities of interstate commerce in her role as Defendant's employee.  Plaintiff's failure to cite to evidence, standing alone, warrants denial of Plaintiff's Motion.  *See, e.g.*, *Josendis*, 662 F.3d at 1316 (a plaintiff must "come forward with evidence, beyond mere speculation, that, as a part of his work duties, he repeatedly traveled to and from . . . job sites outside of Florida or used an item moving in interstate commerce" to demonstrate genuine issue of material fact that would warrant finding of individual coverage under the FLSA).  Even worse, Plaintiff's testimony suggests that she <u>did not</u>, at any point in

---

[1] Plaintiff does not argue that there is individual FLSA coverage under the second prong based on Plaintiff "engag[ing] in the production of goods for commerce."  29 U.S.C. § 207(a)(1); *see* D.E. 26.  Even if Plaintiff had made such an argument, it would fail, as there is no evidence to indicate that Plaintiff produced or was in any way involved in the production of food products related to this action.  *See, e.g.*, *Josendis*, 662 F.3d at 1316 (requiring plaintiff to "come forward with evidence" to support finding of individual coverage under the FLSA).

7

time, use instrumentalities of interstate commerce in her role as Defendant's employee. Specifically, Plaintiff testified that she: (1) never used "any phone" to order Defendant supplies; (2) never bought supplies for Defendant outside the State of Florida; and (3) only bought supplies for Defendant from local suppliers. D.E. 26-1 at 18:17-19:6.

The Eleventh Circuit and this court have repeatedly held that cooks are not engaged in commerce for purposes of individual coverage under the FLSA simply by handling food products that had previously traveled in interstate commerce, unless the cook was "required to travel across state lines or to transport materials that were moving in interstate commerce." *Martinez v. Palace,* 414 F. App'x 243, 246 (11th Cir. 2011); *Martin v. Briceno*, No. 11-23228-CIV, 2014 WL 2587484, at *3-4 (S.D. Fla. June 10, 2014) (granting summary judgment because waiters, servers, bartenders, bus boys, cooks and dishwashers did not qualify for individual coverage under the FLSA); *Monelus v. Tocodrian,* 598 F. Supp. 2d 1312, 1314-15 (S.D. Fla. 2008) (granting summary judgment because employee's work as a cook, which involved handling food that may have traveled in interstate commerce, was insufficient to establish individual coverage); *Lopez*, 2007 WL 4247646, at *2 (granting summary judgment against cook because "[t]he mere fact that the food may have passed in interstate commerce prior to arriving at the restaurant does not mean that the Plaintiff was engaged in commerce for individual coverage"). Here, just as in *Martinez*, Plaintiff "admitted that [she] did not use the telephone, Internet or mail as part of [her] duties." *Martinez*, 414 F. App'x at 246. Moreover, "there is no evidence that [Plaintiff] was required to travel across state lines or to transport materials that were moving in interstate commerce." *Id.* Under these circumstances, the Court can only conclude that Plaintiff did not engage in interstate commerce sufficient to trigger individual

8

coverage under the FLSA.  *See id.*; *Martin*, 2014 WL 2587484, at *3-4; *Monelus*, 598 F. Supp. 2d at 1314-15; *Josendis*, 662 F.3d at 1316.  For these reasons, Plaintiff's Motion is denied.

    C.  Subject Matter Jurisdiction

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (internal citation omitted).  The sole basis for jurisdiction over this matter is under 28 U.S.C. § 1331, which codifies federal question jurisdiction, based on Plaintiff's claim under the FLSA.  D.E. 1 ¶¶ 3-5.  At this stage, there is no longer federal question jurisdiction because Defendant is not liable under the FLSA; only Plaintiff's FMWA claim remains.  *See Jenkins v. Lennar Corp.*, 216 F. App'x 920, 921-22 (11th Cir. 2007).  Accordingly, Count II of Plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

    **V.**    **Conclusion**

The Court finds that Defendant is entitled to summary judgment, and Plaintiff is not, because there is no genuine of material fact regarding whether Plaintiff is eligible for either enterprise or individual coverage under the FLSA.  Defendant did not gross over $500,000 in sales between 2012 and 2014 and Plaintiff, in performance of her job duties while working for Defendant, was not engaged in commerce or in the production of goods for commerce.  Accordingly, it is

ORDERED AND ADJUDGED as follows:

(1) Defendant's Motion for Summary Judgment, D.E. 25, is GRANTED.

(2) Plaintiff's Motion for Summary Judgment, D.E. 26, is DENIED.

(3) Count II of Plaintiff's Complaint, D.E. 1-2, which is brought under the Florida Minimum Wage Act, Fla. Stat. § 448.110, is DISMISSED WITHOUT PREJUDICE for LACK OF SUBJECT MATTER JURISDICTION.

(4) The Court will separately enter Final Judgment in favor of Defendant.

DONE AND ORDERED in Chambers, Miami, Florida, this 25th day of May, 2016.

*Ursula Ungaro*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record