UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-cv-23457-UNGARO/OTAZO-REYES

YAMILE RODRIGUEZ MOYET,

    Plaintiff,

v.

MONTE CARLO AUTO
SEAT COVERS, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant Monte Carlo Auto Seat Covers, Inc.'s ("Defendant") Motion for Entry of Costs of Litigation Pursuant to 28 U.S.C. § 1920 (hereafter, "Motion for Costs") [D.E. 37]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Ursula Ungaro, United States District Judge [D.E. 39]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Costs be GRANTED IN PART.

**PROCEDURAL BACKGROUND**

Plaintiff Yamile Rodriguez Moyet ("Plaintiff") commenced this action on September 3, 2015 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, asserting an overtime wage claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and an unpaid wage claim under the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110. See Complaint and Demand for Jury Trial [D.E. 1-2]. On September 14, 2015, Defendant removed the action based on federal question jurisdiction [D.E. 1]. Thereafter, Defendant moved for summary judgment on the grounds that it did not meet the enterprise

coverage requirements of the FLSA [D.E. 25].  Plaintiff cross moved for summary judgment, arguing that she satisfied the coverage requirements of the FLSA [D.E. 26].  On May 26, 2016, the Court granted Defendant's motion for summary judgment, denied Plaintiff's motion for summary judgment, and dismissed the FMWA claim for lack of subject matter jurisdiction [D.E. 36].[1]  The Court entered final judgment against Plaintiff and in favor of Defendant solely with respect to Plaintiff's FLSA claim [D.E. 35].  On June 24, 2016, Defendant filed its Motion for Costs, seeking to recover costs as a prevailing party in the amount of $615.70.

## APPLICABLE LAW

Pursuant to Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001) ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524.  "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party."  Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012).  Generally, "the litigant in whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d)."  Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995).  Title 28, United States Code, Section 1920 (hereafter, "Section 1920"), "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071.  Pursuant to Section 1920, a court may award the following as costs:

---

[1] The Court declined to exercise supplemental jurisdiction over this state law claim.  Id. at 9.

2

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford, 482 U.S. at 445.

## DISCUSSION

Defendant seeks to recover the following items of costs:

| Item | Amount ($) |
| --- | --- |
| Interpreter Fee | 260.00 |
| Deposition Transcript | 213.60 |
| Court Reporter Attendance Fees | 110.00 |
| Exhibits | 2.10 |
| Condensed Transcript | 15.00 |
| Shipping & Handling | 15.00 |
| **Total** | **615.70** |

See Motion for Costs [D.E. 37-1]. Plaintiff objects to the following costs: court reporter attendance fee, condensed transcript, and shipping and handling costs [D.E. 44 at 1]. In its Reply, Defendant concedes that the condensed transcript and shipping and handling charges are not recoverable [D.E. 45 at 3]. Accordingly, the undersigned need only address Defendant's claim for court reporter attendance fees.

The prevailing view in this District is that court reporter attendance fees are taxable as costs. See, e.g., Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013) (taxing court reporter attendance fees as costs because the attendance of the reporter is directly related to preparing a transcript); Spatz v. Microtel Inns & Suites Franchising,

3

Inc., No. 11-60509-CIV, 2012 WL 1587663, at *4 (S.D. Fla. May 4, 2012) (holding that court reporter attendance fees are taxable costs); Rodriguez v. M.I. Quality Lawn Maint., Inc., No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012) (awarding court reporter attendance fees as a necessary cost), report and recommendation adopted by, 2012 WL 664274 (S.D. Fla. Feb. 28, 2012). But see Rodriguez v. Marble Care Int'l, Inc., 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (holding that court reporter fees are generally not taxable under Section 1920). Based on the prevailing view in this District, the undersigned concludes that court reporter attendance fees are taxable as Section 1920 costs.

Therefore, the undersigned recommends that Defendant be awarded costs in the amount of $110.00 for the court reporter attendance fee, and $475.70 in unobjected-to costs, for a total of **$585.70**.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Costs [D.E. 37] be GRANTED IN PART and that Defendant be awarded **$585.70** in costs.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECFULLY SUBMITTED in Chambers at Miami, Florida this 8th day of November, 2016.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Ursula Ungaro
      Counsel of Record